[Cite as *Bourlas Constr., Inc. v. Paxos*, 2014-Ohio-289.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BOURLAS CONSTRUCTION, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2013CA00076 |
| MICHAEL PAXOS, ET AL. | |
| Defendants-Appellants | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeals from the Stark County Court of Common Pleas, Case No. 2013CV00350 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| GARY A. CORROTO<br>EDMOND J. MACK<br>MARIA C. KLUTINOTY EDWARDS<br>Tzangas, Plakas, Mannos, Ltd.<br>220 Market Avenue South<br>Eighth Floor<br>Canton, Ohio 44702 | MARIO GAITANOS<br>437 Market Avenue North<br>Canton, Ohio 44702 |

*Hoffman, J.*

{¶1}  Defendants-appellants Michael Paxos, et al. (hereinafter "Paxoses") appeal the April 9, 2013 Order entered by the Stark County Court of Common Pleas, which granted plaintiff-appellee Bourlas Construction, Inc.'s (hereinafter "Bourlas") Motion for Order Compelling Arbitration and Staying Action.

STATEMENT OF THE FACTS AND CASE

{¶2}  On June 15, 2006, Bourlas and Michael and Maria Paxos executed a contract for the construction of an addition to their home at 1625 Slate Run Circle, Northeast, North Canton, Ohio ("the Contract").  The Contract price was $412,533.

{¶3}  After construction began in July, 2006, the Paxoses requested Bourlas make additional changes to the construction to be performed and the materials to be used.  Bourlas agreed and completed the requested changes.  The Contract included a provision relative to changes and additions thereto, which reads:

> All changes or additions to the plans and specifications made after the signing of this agreement shall be submitted from the owner to the contractor and shall be approved in writing by the contractor, and both the work and price therefore shall be approved in writing by the contractor and owner before the work is done, or the materials are purchased.  These are called "change orders." All change orders will be paid for in full by the owner before the work will be done.

{¶4}  The Contract specifically provided any change order would thereafter "become part of this contract."  However, the parties never executed any written change orders.  All change orders were verbally requested and verbally approved.

{¶5} Bourlas completed the construction in early 2009. The Paxoses paid Bourlas the entire Contract amount of $412,533, as well as $150,000, for additional work. Approximately three years later, Bourlas advised the Paxoses they owed an additional $450,000+ for the work performed pursuant to the change orders. The Paxoses refused to pay the additional charges.

{¶6} Bourlas filed a complaint against the Paxoses, seeking declaratory judgment, or, in the alternative, breach of contract, unjust enrichment/quantum meruit, and breach of implied contract. Bourlas also filed a Motion for Order Compelling Arbitration and Staying the Action. After the trial court granted them leave to plead, the Paxoses filed an answer and counterclaim as well as a memorandum in opposition to Bourlas' motion to compel arbitration.

{¶7} Via order filed April 9, 2013, the trial court granted Bourlas' motion to compel arbitration, finding Bourlas' claims were arbitratable pursuant to the terms of the Contract.

{¶8} It is from this judgment entry, the Paxoses appeal, raising the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN ORDERING THE PARTIES TO ARBITRATE A DISPUTE ARISING FROM A VERBAL AGREEMENT."

I

{¶10} Arbitration is a matter of contract. *Benjamin v. Pipoly,* 155 Ohio App.3d 171, 2003–Ohio–5666, at ¶ 31–34. (Citations omitted.) In interpreting an arbitration clause, courts must apply the fundamental principles of Ohio contract law. *Id.* If the language of the contract is clear and unambiguous, the court's interpretation is a matter

of law. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377.

{¶11} The Contract expressly required all disputes arising between the parties be submitted to binding arbitration and reads as follows:

ARBITRATION. In the event that any dispute arise between the parties to the meaning or in interpretations of any provisions of this agreement and the exhibits attached, or if any disputes arise as to the proper performance of any part of the work in the structure of the structure and the parties are unable between themselves to resolve in such a dispute, it is mutually agreed upon that the parties will submit said disputes for arbitration. Any such arbitration shall be conducted with each of the parties' arbitrators. Any arbitrator appointed should be either a registered architect or a competent structure contractor. A decision of any two of the three arbitrators shall be conclusive on each issue that might be submitted to arbitration.

{¶12} We find the arbitration clause at issue herein is clear and unambiguous. However, the issue remains as to whether the trial court correctly found Bourlas' claims concerning the verbal "change orders" were subject to the arbitration provision.

{¶13} The Paxos maintain Bourlas' claims are not subject to the arbitration clause because the parties did not contractually agree to arbitrate claims arising from their verbal agreement. We disagree.

{¶14} We find the parties, through their course of conduct, mutually altered the Contract by not requiring the change orders to be in writing, rather the change orders

could be verbally made and approved. Accordingly, we find the parties waived the written change order provision. Although the parties waived this requirement, such waiver did not waive the arbitration provision requiring "any dispute" be submitted to arbitration. We find the change orders were not new individual contracts as argued by the Paxoses but rather were "changes" to the contract. All of the change order work flowed from the original Contract; therefore, any dispute relative thereto is subject to the arbitration provision.

{¶15} Bourlas cites to this Court's decision in *Memmer Constr., Inc. v. Craig*, 5th Dist. App. No. 2002CA00144, 2002-Ohio-7008, for the proposition provisions of a contract relative to change orders may be waived by the parties due to their course of dealing. While we agree the parties herein, like the parties in *Memmer*, waived the written change order provision of the Contract due to their course of dealing, we note the parties in *Memmer* were not disputing the applicability of an arbitration provision. In fact, the appellants in *Memmer* were appealing judgment following a bench trial.

{¶16} The Paxoses' sole assignment of error is overruled.

{¶17} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur